UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

ROSE M. INGRAHAM,
Plaintiff,
v.
CAROLYN W. COLVIN, Acting Commissioner of Social Security,
Defendant.

Case No. ED CV 13-00052-DFM

MEMORANDUM OPINION AND ORDER

Plaintiff Rose M. Ingraham seeks judicial review of the Commissioner's final decision denying her application for supplemental security income ("SSI") benefits. On appeal, the Court concludes that the administrative law judge ("ALJ") gave specific and legitimate reasons for rejecting the opinion of three physicians, including two of Plaintiff's treating physicians. The ALJ also stated clear and convincing reasons to reject Plaintiff's testimony regarding her symptoms. Therefore, the Commissioner's decision is affirmed.

///

///

///

# I.

# FACTUAL AND PROCEDURAL BACKGROUND

On February 19, 2010, Plaintiff filed an application for SSI. See Administrative Record ("AR") 126. She alleged disability beginning December 12, 2009, due to lower back pain, acid reflux, migraines, and depression. AR 111. After Plaintiff's application was denied, she requested a hearing before an ALJ. AR 49. On June 11, 2012, Plaintiff, who was represented by counsel, appeared and testified, as did orthopedic surgeon Dr. Arthur Lorber and a vocational expert. AR795-826; AR 68.

Plaintiff testified that she had successful back surgery in February 2009 and that "I was feeling good" following the procedure. AR 812. She stated that she fell off of a portable toilet in April 2009, "and that's when all my trouble started back again." Id. Plaintiff complained of pain in her shoulders, in her collarbone, from her elbow through to her fingertips, in her chest wall, in her lower and middle back, in both hips, in her right knee, in the toes of her left foot, and down the back of both legs. Id. She testified that she had last worked in December 2009 but was terminated because she missed too many days of work for medical appointments, physical therapy, and pain. AR 810. She stated that she could no longer work because of "severe pain" and "not being able to be mobile." Id.

Dr. Lorber, appearing by phone, opined that Plaintiff's severe impairments "involving her lumbar spine" would enable her employment in a limited range of sedentary work.[1] AR 804-05. He found no evidence that

---

[1] "Sedentary work" involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." § 416.967(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." Id.

Plaintiff required an assistive walking device or was likely to be absent from work three or more times a month. AR 804, 808.

In a written decision issued on June 19, 2012, the ALJ determined that Plaintiff was not disabled. AR 21-32. The ALJ followed the required five-step decision-making process mandated by 20 C.F.R. § 416.920. At step one, he found that Plaintiff had not engaged in substantial gainful activity since her SSI application date of February 19, 2010. AR 23. At step two, the ALJ found that Plaintiff had severe impairments of degenerative disc disease of the lumbar spine and degenerative joint disease in both knees with excessive pain. Id. He found that Plaintiff had non-severe impairments of elbow and hand pain, obesity, and depression. Id. At step three, the ALJ determined that Plaintiff's impairments did not meet or equal any of the impairments in the Listing. AR 24. At step four, the ALJ found that the Plaintiff retained the residual functional capacity ("RFC")[2] to perform "sedentary work" with some additional restrictions. AR 24, 31. The ALJ found that Plaintiff could not perform her past relevant work as a bus driver, office assistant, or teacher's assistant. AR 30-31. At step five, he determined that there existed jobs in significant numbers in the national economy that Plaintiff could perform. AR 31. Accordingly, the ALJ found that she was not disabled. AR 32.

## II.

## ISSUE PRESENTED

The parties dispute whether the ALJ erred in (1) failing properly to consider the opinions of three physicians and (2) failing adequately to assess

///

---

[2] RFC is what a claimant can do despite existing exertional and nonexertional limitations. 20 C.F.R. § 416.945; see Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

Plaintiff's testimony regarding her pain and limitations. See Joint Stipulation ("JS") at 2.

## III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). If the evidence can reasonably support either affirming or reversing, the Court may not substitute its judgment for that of the ALJ. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## IV.

## DISCUSSION

### A. The ALJ Did Not Err in Considering the Medical Opinions of Drs. Kim, Eicher, and Martin

Plaintiff asserts that the ALJ failed properly to consider the opinions of treating physicians Dr. Donald D. Kim and Dr. Mark Stephen Eicher and nonexamining physician Dr. Artemio Robert Martin. JS at 2. Plaintiff

stipulates that the ALJ has otherwise properly evaluated the medical evidence. Id.

**1. Applicable Law**

An ALJ generally gives the most weight to medical evidence from a claimant's treating physician, and progressively less weight to the opinions of examining and nonexamining physicians. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir.2007); Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). A treating physician's opinion as to the nature and severity of an impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2). Otherwise its weight is determined by length, nature, and extent of the treatment relationship, frequency of examination, evidence supporting the opinion, consistency with the record as a whole, the doctor's area of specialization, and other factors. 20 C.F.R. § 416.927(c)(3)-(6).

When a treating doctor's opinion is not contradicted by another doctor's, it may be rejected only for "clear and convincing" reasons. See Lester, 81 F.3d at 830. When a treating physician's opinion conflicts with another doctor's, the ALJ must provide only "specific and legitimate reasons" for discounting the treating doctor's opinion. Orn, 495 F.3d at 632. The ALJ satisfies this burden by detailing and summarizing the facts and conflicting medical evidence and stating the ALJ's interpretations and findings. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir.2008).

When medical testimony is inconclusive or conflicting, it is the ALJ's role to determine credibility and resolve conflict. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982). If the medical evidence gives rise to more than one rational interpretation, the ALJ's conclusion must be upheld. Id. Further, the ALJ may discredit treating-doctor opinions that are conclusory, brief, and

unsupported by the record as a whole or by objective medical findings. See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

**2. Dr. Donald D. Kim**

Plaintiff contends that the ALJ erred in rejecting Dr. Kim's March 23, 2012 Residual Functional Capacity Questionnaire, in which he concluded, among other things, that Plaintiff would miss more than four days of work per month due to her impairments. JS at 14; see AR 30, 450-54. Plaintiff contends that although the ALJ pointed to a lack of objective evidence and support in the medical record for Dr. Kim's conclusion, the evidence in fact supports his finding that Plaintiff is disabled. JS at 14-15. Plaintiff further contends that the ALJ erred in failing to set forth specific reasons for rejecting Dr. Kim's conclusion. JS at 15.

Contrary to Plaintiff's contentions, the ALJ gave specific reasons for rejecting Dr. Kim's assessment. First, the ALJ correctly noted that because Dr. Kim's RFC assessment concerned an issue reserved to the Commissioner, it was not not entitled to controlling weight. AR 30; see 20 C.F.R. § 416.927(d)(1)-(2) (determination of claimant's RFC and whether claimant is disabled are issues reserved to the Commissioner); SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996) (noting that although ALJ must carefully consider medical source opinions about issues reserved to the Commissioner, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance"). The ALJ therefore was not bound by Dr. Kim's RFC assessment. See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) ("The administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, but he cannot reject them without presenting clear and convincing reasons for doing so." (quoting Montijo v. Sec'y of Health & Human Servs.,

729 F.2d 599, 601 (9th Cir.1984))).[3]

Second, the ALJ, as required, provided clear and convincing reasons for rejecting Dr. Kim's assessment that Plaintiff retained an RFC to perform "at less than a sedentary level." AR 28 (citing AR 450-54); see Matthews, 10 F.3d at 680. He determined that Dr. Kim's conclusion was "not supported by objective evidence" and "inconsistent with the record as a whole." AR 30. The ALJ noted (AR 27-28) that Dr. Kim's own records reflect that although Plaintiff suffered pain and discomfort as she recovered from her February 2009 back surgery, x-rays repeatedly showed successful fusion, and Plaintiff consistently confirmed that she was much improved by the procedure (see, e.g., AR 321, 329, 343, 346, 351). Dr. Kim therefore released her to resume regular employment. AR 27. Although Plaintiff demonstrated muscle tenderness upon later examinations, Dr. Kim noted that she had a normal gait and demonstrated no weakness. AR 28; see AR 444-46 (noting Plaintiff appeared to be in pain, was tender in left lumbosacral region, and was positive for straight-leg test at 70 degrees on her left side but that her pain was still better than prior to surgery, her gait was normal, and her motor power was normal); see also 303 (noting tenderness in left paraspinous muscles but negative straight-leg raises; recommending continued physical therapy); 422 (noting paraspinous muscular tenderness and difficulty flexing lower back but normal gait). Indeed, despite her complaints of worsening pain, Plaintiff herself chose not to pursue alternative pain management. See AR 427.

The ALJ also properly determined that Dr. Kim's March 2012 assessment was also inconsistent with the routine, conservative treatment of

---

[3] For the same reasons, the ALJ was not bound by Dr. Kim's statement in support of Plaintiff's claim for workers' compensation benefits that he believed her to be disabled by her chronic pain. See 20 C.F.R. § 416.927(d)(1).

Plaintiff's pain through prescription medication and physical therapy. AR 30; see AR 303, 306, 334, 335, 346, 347, 427, 431, 441, 446; 20 C.F.R. § 416.929(c)(3)(iv)-(v) (ALJ may consider effectiveness of medication and treatment in evaluating severity and limiting effects of impairments); Warre v. Comm'r Soc. Sec., Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). Indeed, as the ALJ noted (AR 28), even when imaging ordered in response to Plaintiff's complaints of additional pain revealed bulging discs and right-side nerve-root compression, Dr. Kim determined that these were unrelated to her symptoms, which would be best addressed through pain management. AR 441. Dr. Kim's records and treatment of Plaintiff thus do not support the prognosis in his RFC assessment.

The ALJ also noted that, in addition to diverging from his own prior findings, Dr. Kim's RFC assessment was inconsistent with the findings of four independent physicians: medical expert Dr. Lorber, examining orthopedist Dr. Jason Chiu, and two agency medical consultants. AR 28, 29-30. Dr. Lorber, an orthopedist, reviewed the medical evidence, heard Plaintiff's testimony, and determined that Plaintiff suffered severe impairments of the lumbar spine but could perform sedentary work with some additional restrictions. AR 29-30, 804-05. Because Dr. Lorber's testimony was consistent with the medical record, the ALJ was entitled to rely upon it. See Thomas, 278 F.3d at 957 ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) ("Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it" (citing

Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995))); 20 C.F.R. § 416.927(c)(4) (ALJ will generally give more weight to opinions that are "more consistent . . . with the record as a whole"). Moreover, the ALJ could credit Dr. Lorber's opinion because he testified at the hearing and was subject to cross-examination. See Andrews, 53 F.3d at 1042 (greater weight may be given to nonexamining doctors who are subject to cross-examination).

Dr. Chiu, who examined Plaintiff on May 11, 2011, in connection with her workers' compensation claim, noted Plaintiff's back tenderness, loss of range of motion in her lumbar spine, and altered sensibility in her left extremities but reported that she required no assistive or supportive devices, demonstrated no motor weakness, and was otherwise neurologically intact. AR 412-19. On June 2, 2010, Dr. G. Spellman, an internist and agency medical consultant, opined based on a review of available medical evidence that Plaintiff retained the RFC to perform light work. AR 379-81, 383-84. In assessing Plaintiff's RFC, Dr. Spellman noted the "persisting severity" of her alleged pain and her reduced lumbar range of motion but also noted her normal gait and motor function. AR 380. On January 7, 2011, Dr. S. Brodsky, an osteopathic surgeon and medical consultant, reviewed additional medical evidence and affirmed Dr. Spellman's initial light RFC assessment. AR 398-400. As these findings, too, were supported by the medical evidence, the ALJ was entitled to rely on them. Thomas, 278 F.3d at 957.

The ALJ further noted that Dr. Kim provided no objective clinical or diagnostic findings to support the significantly altered prognosis in his March 2012 assessment. AR 30. See 20 C.F.R. 404.1527(c)(2); see also Batson, 359 F.3d at 1195 (ALJ may discredit treating-doctor opinions that are "conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings" (citations omitted); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (holding that ALJ properly rejected physician's opinion where it was

conclusory and unsubstantiated by relevant medical documentation). Whereas Dr. Kim opined in November 2010 that Plaintiff's back issues would merely preclude her from "heavy lifting, bending, stooping, or prolonged standing, walking, or sitting" (AR 427) and in April 2011 found no significant changes upon examination (see AR 423), his RFC assessment provided that Plaintiff could sit or stand for only five minutes at a time, could sit, stand, or walk for less than two hours in an eight-hour day, would require unscheduled breaks of 10 to 15 minutes every thirty minutes in an 8-hour workday, and would be absent from work more than four days per month (AR 452-54). Dr. Kim did offered no clinical support or explanation for this significant change in his assessment, noting only Plaintiff's difficulty flexing her back, tenderness, and difficulty with gait and endurance.[4] AR 742-43.

**3. Dr. Mark Stephen Eicher**

Plaintiff also contends that the ALJ erred in rejecting an assessment completed by Dr. Eicher, one of her physicians at Kaiser Permanente, on May 30, 2012. JS at 19-20. Dr. Eicher indicated that Plaintiff could lift and carry 10 pounds; could sit, stand, or walk for half an hour without interruption; could sit, stand, or walk for four hours in an eight-hour workday with changes in position every 15 minutes; and would be absent from work more than three

---

[4] To the extent Plaintiff argues that Dr. Kim's more recent assessments of Plaintiff's progressively deteriorating condition are the most probative (see JS at 7), it is not clear that Plaintiff's condition is in fact deteriorating. See Young v. Heckler, 803 F.2d 963, 968 (9th Cir. 1986) (rejecting argument that more recent medical report should be afforded greater weight because "it is far from clear that [claimant's] condition was progressively deteriorating"). Dr. Kim's many reports that Plaintiff was much improved following surgery and could address pain through physical therapy and medication suggest otherwise, and his brief RFC assessment provides little in the way of clinical findings to support his conclusion that Plaintiff was disabled.

times per month. AR 632. In one of the spaces provided for "medical findings that support this assessment" Dr. Eicher appears to have written "tense + tender muscles, painful joints." Id.

The ALJ properly rejected Dr. Eicher's assessment for much the same reasons he rejected Dr. Kim's. AR 30. Dr. Eicher's opinion that Plaintiff would miss three or more days of work a month pertained to an issue – Plaintiff's RFC – whose determination is reserved for the Commissioner, and thus did not bind the ALJ. See 20 C.F.R. § 416.927(d)(1)-(2); SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996). Further, the ALJ provided clear and convincing reasons to reject Dr. Eicher's conclusion, even though, as Plaintiff notes (JS 20), his assessment is in some respects less restrictive than the ALJ's. Matthews, 10 F.3d at 680.

As the ALJ noted, Dr. Eicher's conclusion was "not supported by objective evidence" and "inconsistent with the record as a whole" (AR 30), including Plaintiff's routine, conservative treatment by Dr. Eicher and his colleagues. See 20 C.F.R. § 416.929(c)(3)(iv)-(v); see, e.g., AR 531-32 (noting normal range of motion and tenderness, prescribing pain medication); 551-53 (noting tenderness and left-side positive straight-leg raise, prescribing pain medication and physical therapy); 576-77 (diagnosing tennis elbow, prescribing support strap and nonsteroidal anti-inflammatory); 588-89 (noting tight and tender muscles in lumbosacral region and aggravation of pain with knee and hip flexion and straight-leg raise; prescribing pain medication); 598-99 (noting "exquisitely tender" "left lateral epicondyle" but full range of motion in elbow and upper extremity joints; prescribing pain medication); 264 (prescribing pain medication for rotator cuff and back pain); 402 (prescribing pain medication and morphine); 620 (prescribing pain medication and physical therapy and ordering x-rays of back).

///

Dr. Eicher's assessment also conflicted with those of Dr. Lorber and Dr. Chiu, both orthopedic specialists, and those of the two medical consultants. Nor did Dr. Eicher provide any objective clinical or diagnostic findings to support his brief and conclusory assessment or to explain its inconsistency with Plaintiff's treatment at Kaiser. 20 C.F.R. 404.1527(c)(2); Batson, 359 F.3d at 1195; Johnson, 60 F.3d at 1432. Indeed, the "medical findings" provided in support of his assessment reflect only Plaintiff's subjective complaints of pain, not objective medical signs sufficient to show impairment. See 20 C.F.R. § 416.928; SSR 96–4p, 1996 WL 374187, at *1 n. 2 (July 2, 1996) (distinguishing between medical symptoms, which are "an individual's own perception" of her impairments and medical signs, which are manifestations measurable by "medically acceptable clinical diagnostic techniques"); see generally Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005).

**4. Dr. Artemio Robert Martin**

Plaintiff contends that the ALJ erred in discounting Dr. Martin's determination that Dr. Kim's prescription of a walker for Plaintiff was "reasonable." See JS 3 (quoting AR 751). Plaintiff further contends that Dr. Martin's opinion should be given "great weight" because it was provided on behalf of a workers' compensation claims corporation, characterizing the relationship between Dr. Martin and Plaintiff as "adversarial."Id. Plaintiff asserts that the ALJ erred in failing to note the weight given to Dr. Martin's opinion and to failing to "specifically consider" it. JS 3-4. None of these contentions warrants reversal.

Dr. Martin reviewed Dr. Kim's prescription of a "walker with a seat" and referral for pain management in connection with Plaintiff's application for workers' compensation benefits. AR 747, 749. Dr. Martin assessed the medical necessity of these treatments based upon Dr. Kim's March 6, 2012 report,

American College of Occupational and Environmental Medicine Guidelines,[5] and Medicare criteria. AR 749-51. He determined that a walker "is a reasonable request for a patient with documented impairment in gait and/or with safety issues associated with ambulation" but that a walker seat was not supported by the guidelines. AR 751. He further determined that Plaintiff's "pain medication regimen has room for improvement" but approved only a consultation on her medications. Id.

Plaintiff's assertion that the ALJ failed to "specifically consider" Dr. Martin's opinion is incorrect. The ALJ explicitly noted the opinion and arguably lent it greater force than Dr. Martin intended: whereas Dr. Martin merely deemed the request for a walker "reasonable," the ALJ treated his opinion as finding a walker "required."[6] AR 28. That the ALJ did not indicate the weight given to Dr. Martin's statement is not error. An ALJ can reject the opinion of a nonexamining physician by reference to specific evidence in the record, as the ALJ did here. See Norwood v. Astrue, CV 09-3996-RC, 2010

---

[5] The American College of Occupational and Environmental Medicine (ACOEM) has developed Occupational Medicine Practice Guidelines to guide practitioners in their treatment of injured workers. See Occupational Medicine Practice Guidelines, Third Edition, Clinical Practice and Guidance Center, http://www.acoem.org/practiceguidelines.aspx (last visited November 20, 2013).

[6] Plaintiff notes that the ALJ mistakenly identified Dr. Martin as a podiatrist when he is in fact a physiatrist. JS at 4. Given that the ALJ rejected Dr. Martin's opinion on the basis of contrary evidence in the medical record – and not on the basis of Dr. Martin's specialty – any error in this regard was harmless. See Rubino v. Colvin, EDCV 12-0250-JPR, 2013 WL 1182961 at *11 (C.D. Cal. Mar. 21, 2013) (finding that mistake as to physician's specialty was harmless in light of ALJ's other specific and legitimate reasons for rejecting doctor's opinion (citing Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162–63 (9th Cir. 2008))).

WL 2509358, at *2 (C.D. Cal. June 17, 2010) (citing Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir.1998)); AR 25 (noting that Plaintiff has not used walker due to hand and elbow pain); 27 (noting Dr. Lorber's testimony that no evidence of record supports need for such assistive device); 28 (noting that although Dr. Kim prescribed a walker, his clinical examination of Plaintiff showed no weakness).

Moreover, Dr. Martin's opinion is not entitled to great weight. He did not treat or examine Plaintiff. His assessment was based solely upon a single report from her physician of her "great difficulty with gait and endurance" (AR 743) measured against guidelines prescribed for assessment of workers' compensation claims. See 20 C.F.R. § 416.927(c) (weight is assigned to medical opinions based on existence of examining relationship, treating relationship, supportive explanations and clinical findings, and consistency with the record); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). Plaintiff's contention that her relationship to Dr. Martin was "adversarial" is not evident from the record, nor does it alter the fact of his limited familiarity with her medical history.

**6. Conclusion**

In sum, it is not this Court's role on appeal to reweigh the medical evidence and formulate Plaintiff's RFC. Instead, the Court's analysis is limited to determining whether the ALJ identified specific and legitimate reasons supported by substantial evidence for disregarding a treating physician's opinion. After closely analyzing a lengthy and contradictory medical record, the ALJ properly rejected the physician testimony that supported Plaintiff's claim. See Andrews, 53 F.3d at 1041 (holding that it is "solely the province of

the ALJ to resolve the conflict" between treating physician and non-treating physician where the opinion of the non-treating source is based on independent clinical findings).The ALJ's decision is affirmed on this issue.

**B. The ALJ Properly Evaluated Plaintiff's Credibility**

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). "[T]he ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks and citation omitted). To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009) (citing Lingenfelter, 504 F.3d at 1035-36). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. Lingenfelter, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain are reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (July 2, 1996) (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for

discrediting a claimant's complaints. Robbins, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick, 157 F.3d at 722 (quoting Lester, 81 F.3d at 834). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. Id. (citations omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." Thomas, 278 F.3d at 959.

The ALJ cited several reasons for finding that Plaintiff's "allegations concerning the intensity, persistence and limiting effects of her symptoms are less than fully credible." AR 26. The ALJ noted that Plaintiff's allegations of disabling back, knee, shoulder, and arm pain were inconsistent with the medical evidence, which, as noted above, reflects successful back surgery, improvement of Plaintiff's condition enabling her return to full-time work, and routine, conservative treatment of her back and other joint pain. AR 26; see Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); Lingenfelter, 504 F.3d at 1040 (in determining credibility, ALJ may consider "whether the alleged symptoms are consistent with the medical evidence"); Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); Kennelly v. Astrue, 313 F. App'x 977, 979 (9th Cir.

2009) (same). The ALJ further noted that the objective evidence of continued degenerative disc disease did not support severity of Plaintiff's alleged back impairment and that the limited objective evidence of shoulder and hand impairments supported a finding of no more than minimal limitation. AR 26.

Indeed, although Plaintiff alleged that her back issues returned in April 2009, she testified that she last worked in December 2009 and the record does not reflect a downturn in her recovery in or about April 2009. See AR 346 (Dr. Kim reporting on April 3, 2009, that Plaintiff was "very happy because she no longer has pain or numbness in her hips or legs" and had begun physical therapy); 343 (Dr. Kim reporting on May 22, 2009, that Plaintiff was "doing very well," "ambulating unassisted," feeling "much better than before surgery," and no longer required the walker or brace). Moreover, Plaintiff confirmed that her treatment at the time of the hearing was limited to injections, physical therapy, an electro-stimulation unit, and prescription medication. AR 25-26; 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v) (ALJ may consider effectiveness of medication and treatment in evaluating severity and limiting effects of impairment); see Hurter v. Astrue, 465 F. App'x 648, 650 (9th Cir. 2012) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." (citing Parra, 481 F.3d at 751)); Warre, 439 F.3d at 1006 ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.").

"[I]n view of the relatively weak medical evidence," the ALJ found Plaintiff's testimony about her "fairly limited" daily activities to be "difficult to attribute . . . to the claimant's medical condition." AR 26. Moreover, he noted some inconsistency in Plaintiff's statements. AR 25; see Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (holding that ALJ may consider many factors in weighing a claimant's credibility, including "ordinary techniques of

credibility evaluation, such as . . . prior inconsistent statements concerning the symptoms, and testimony . . . that appears to be less than candid" and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment"). Plaintiff emphasized that she cannot drive when taking pain medication but testified that she had driven that morning – suggesting either that she was able to dress and drive without needing pain medication or that she was able to drive while medicated. See AR 817-18. Plaintiff further testified that she was unable to work in part because she was not very mobile and had been prescribed a walker but explained that she was not using it the day of the hearing due to pain in her shoulders, elbows, and hands. AR 801-11.

In sum, the record supports the ALJ's finding that, although Plaintiff's ailments could reasonably be expected to produce the symptoms she alleged, her medical records were inconsistent with her complaints of severe and disabling pain. See AR 26. Because the ALJ's credibility finding is supported by substantial evidence, the Court "may not engage in second-guessing." Thomas, 278 F.3d at 959 (citation omitted).

**V.**

**CONCLUSION**

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and this action is DISMISSED with prejudice.

Dated: January 14, 2014

DOUGLAS F. McCORMICK
United States Magistrate Judge